JIM GLAZIER, APPELLANT, *v.* THE JUSTICE COURT OF SMITH VALLEY TOWNSHIP, LYON COUNTY, STATE OF NEVADA, THE HONORABLE FRANCES R. WHITE, JUSTICE OF THE PEACE, RESPONDENT.

RICHARD N. FULSTONE, FOR FM FULSTONE, INC., RESPONDENT AND PARTY IN INTEREST.

No. 24694

July 27, 1995                                        899 P.2d 1105

*Raymond Rodriquez,* Nevada Legal Services, Carson City, for Appellant.

*Ronald T. Banta,* Yerington, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the district court's denial of a tenant's petition for a writ of certiorari where the justice's court held a "summary" eviction proceeding and entered an eviction order.

Appellant Jim Glazier (Glazier) resided at 2729 State Highway 208 in Wellington, Nevada, for forty-two years on a parcel of property belonging to respondent corporation FM Fulstone, Inc. (Fulstone). On March 1, 1993, Richard Fulstone, president of Fulstone, served Glazier with a thirty-day notice to quit the property. Glazier failed to vacate the premises, and on April 2, 1993, Fulstone served Glazier with a five-day notice. This notice expressly threatened an action in justice's court for eviction, pursuant to NRS 40.253,[1] the summary eviction statute.

The justice's court held a hearing pursuant to the provisions of NRS 40.253 and ordered that Glazier vacate the property within thirty days. Glazier then filed a petition for a writ of certiorari before the district court, alleging that the justice's court exceeded its jurisdiction under the "summary" eviction provisions of the statute by, *inter alia,* inquiring into matters beyond the truthfulness and sufficiency of the affidavits, and failing to dismiss the "summary" eviction proceeding once a legal defense had been raised. The district court held a hearing on the writ petition and denied the petition.

On appeal to this court, Glazier argues that, pursuant to NRS 40.253, once he raised the legal defense that he was a life tenant under the grant of a life estate, the justice's court was obligated to dismiss the "summary" proceeding and to require that the landlord prosecute his unlawful detainer action under the "plenary" eviction proceedings provided for in NRS 40.290 to 40.420.

Although Glazier's argument is logically sound, it is simply irrelevant. It is clear that, despite all the proceedings below and the arguments of the parties before this court, NRS 40.253 does not apply to this case. The statute is applicable "when the tenant of any dwelling [] *with periodic rent reserved by the month or any shorter period,* is in default in payment of the rent." (Emphasis

---

[1]NRS 40.253 allows a landlord to apply to the justice's court for an eviction order based on default in payment of rent. If the tenant can show, by affidavit, a legal defense to the alleged unlawful detainer, further proceedings must be conducted pursuant to the more formal eviction procedures in NRS 40.290 to 40.420. If, on the other hand, the tenant fails to show a legal defense to the alleged unlawful detainer, then the justice's court may issue a summary order for removal of the tenant.

added.) All parties to this action concede that Glazier never paid any rent, nor was he required to pay any. It may be that Fulstone is entitled to have Glazier removed from the property, but not pursuant to NRS 40.253. There was no case or controversy before the justice's court based on NRS 40.253, and accordingly, the justice's court exceeded its jurisdiction by issuing the summary eviction order.

Accordingly, we reverse the judgment of the district court and remand to the district court with directions to grant the writ. Further, we order that the eviction order entered by the justice's court be vacated.